1  Amir J. Goldstein, Esq. (SBN 255620)
   ajg@consumercounselgroup.com
2  The Law Offices of Amir J. Goldstein, Esq.
   8032 West Third Street, Suite 201
3  Los Angeles, CA 90048
   Tel 323.937.0400
4  Fax 866.288.9194

5
   Attorney for Plaintiffs
6

7

8                      UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  EMMANUEL ALVAREZ,              )   CASE NO.:
                                   )
11                Plaintiff,       )
                                   )
12      v.                         )
                                   )
13                                 )   COMPLAINT FOR DAMAGES
    LAKEVIEW RECOVERY GROUP,       )
14  LLC., and Does 1 through 10 inclusive, )
                                   )
15                Defendants.      )
                                   )
16                                 )

17

18      Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint

19  against the Defendant LAKEVIEW RECOVERY GROUP, LLC alleges as follows:

20

21                           **INTRODUCTION**

22  1.  This is an action for damages brought by an individual for the Defendant's violations of

23      the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the

24      Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.*

25      ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive

26      and unfair practices.

27

28

                                   1
                          Complaint for Damages

**PARTIES**

2.  Plaintiff Emmanuel Alvarez is a natural person residing in Riverside County, California.

3.  Upon information and belief, the Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Amherst, New York.

**JURISDICTION**

4.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporation regularly conducts business in this district and is subject to jurisdiction in this district.

**FIRST CAUSE OF ACTION**

5.  Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.  That a personal debt was allegedly incurred by Plaintiff.

7.  That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8.  That on or about February 19, 2016, in its initial telephone communication, Defendant instructed Plaintiff to be home from the hours of 12 P.M. to 5 P.M. so that Plaintiff could be served with papers, and that if he was not home that Defendant would come to his work or the homes of his family members.

9.  That during said communication, Defendant also stated that failure to accept a settlement would result in Plaintiff having to appear in Court.

10. That following said communication, Plaintiff contacted Defendant that same day, whereby Defendant informed Plaintiff of the alleged debt and settlement agreement.

11.  That during this conversation, Plaintiff offered his email address and requested an email describing the nature of the debt and settlement.

12. That on or about February 19, 2016, Defendant sent an email message to Plaintiff containing a purported settlement proposal and information on how to make payments.

13. That on or about February 19, 2016, Plaintiff responded to Defendant's settlement proposal via email with a written request for validation of the debt and a request that any further contacts by Defendant be by email only.

14. That upon information and belief, Plaintiff never received any validation of the debt from Defendant following their February 19, 2016 conversation.

15. That notwithstanding Plaintiff's written request for validation, Defendant persisted with collection efforts and continued to contact Plaintiff by telephone several times using different telephone numbers in an attempt to deceive, harass and/or annoy Plaintiff.

16. Upon information and belief, that of those unauthorized calls placed after the demand for verification of the debt and request to only be contacted via email, that Defendant left at least three additional voicemails for Plaintiff in an attempt to collect a debt.

17. That on or about March 1, 2016 Defendant intended to coerce payment by leaving a voicemail on Plaintiff's cellular phone stating in pertinent part:

> **"…This is Joe Vakio {sic} calling from the offices of LRG. …We received a <u>formal complaint for pre-legal review attached to your name and social security</u>. <u>You or your attorney need to contact me back</u> *immediately* to issue a final statement on your behalf if you choose to as one will be issued <u>with or without your involvement</u>. Failure to respond <u>will result in further proceedings</u> in regards to this matter. …"** (emphasis added)

18. That on or about March 6, 2016, Defendant left another voicemail on Plaintiff's cellular phone stating in pertinent part:

> **"This is Joe Vakio {sic} calling from LRG…Now we spoke back on the 19th, I did send a letter, I have not heard back from you, I need it to get the agreement secured, it has actually been a decent amount of time since then, <u>they will reinstate the claim any day,</u> really <u>any minute</u> I guess, at that point I will have no ability to extend any voluntary options."** (emphasis added)

19. That on or about April 20, 2016, Defendant left another voicemail despite Plaintiff's request to not be contacted by phone:

> **"…This is Alice Davis contacting you in regards to a <u>legal matter in our office pertaining to claim number</u> {redacted}, I need you or a legal representative to <u>contact me back immediately</u> and directly…"** (emphasis added)

20. That Defendant's communications and statements are strategically employed to place Plaintiff in fear of imminent legal action so that he will make payments of the disputed debt under duress in violation of §§1692d, e, and f.

21. That said communications, including but not limited to, the threat to "serve papers" despite the lack of any prior communication with Plaintiff constitute improper legal threats in violation of 15 U.S.C. §1692e(5).

22. That Defendant's claim that failure to accept the settlement offer would result in Plaintiff having to appear before the Court was a false, misleading statement intended to both harass and coerce payment of an alleged debt in violation of 15 U.S.C. §§1692d, e(2)a, e(5) and f.

23. That the use of legal terminology and reference to "further proceedings" was intended to create a false impression that Defendant was taking imminent legal action in violation of §1692e(5).

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

24. Plaintiff realleges paragraphs 1 through 23 as if fully restated herein.

25. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

i.   By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendant has violated §1788.13(j);

ii.   By the above-referenced violations of the FDCPA, Defendant has violated §1788.13(h).

27. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

28. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000.00 per violation as provided for in the Act.

29. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)   Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)   Statutory damages and actual damages pursuant to California Civil Code §1788.30 *et seq*., as to the second cause of action.

(c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and California Civil Code §1788.30, *et seq*.

(d)   For such other and further relief as may be just and proper.

(e)   Plaintiff requests trial by jury on all issues so triable.

1

Dated: May 20, 2016                                 AMIR J. GOLDSTEIN, ESQ.

2

3                                                        /S/ Amir J. Goldstein_____
                                                    Amir J. Goldstein, Esq.
4                                                   **Attorney for Plaintiff**
                                                    5455 Wilshire Boulevard., Suite 1812
5                                                   Los Angeles, CA 90036
                                                    Tel 323.937.0400
6                                                   Fax 866.288.9194

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages