JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-CV-01047-RGK-JPR | Date | September 26, 2016 |
|---|---|---|---|
| Title | *Emmanuel Alvarez v. Lakeview Recovery Group, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re Motion for Default Judgment (DE 16)**

## I.   INTRODUCTION

On May 20, 2016, Emmanuel Alvarez ("Plaintiff") filed an action against Lakeview Recovery Group, LLC ("Defendant") alleging violations of the Federal Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). To date, Defendant has not filed any responsive pleading, or otherwise appeared in this action. On July 13, 2016, the Clerk of the Court entered default against Defendant. By way of his current Motion, Plaintiff now seeks entry of default judgment in the amount of $20,209.19. For the following reasons, the Court **GRANTS** plaintiff's Motion **in part**.

## II.   STATEMENT OF FACTS

The following facts were obtained from the Complaint:

At some point before this case was filed, Plaintiff incurred a personal debt, and this debt was referred to Defendant Lakeview Recovery Group, a debt collector, for collection. On February 19, 2016, Defendant called Plaintiff in an attempt to collect the debt or reach a settlement. Plaintiff gave Defendant his email address, and requested an email describing the nature the outstanding debt and the settlement proposal. Defendant then sent Plaintiff an email containing a settlement proposal and instructions on how to make payments on the debt. Plaintiff responded with a written request for validation of the debt, and requested that any further contact by Defendant be by email only.

Plaintiff alleges that he never received any validation or verification of the debt following the February 19 request. Further, Plaintiff alleges that Defendant persisted in calling Plaintiff, despite Plaintiff's request that Defendant cease telephone communication with him. Defendant left at least three voicemails for Plaintiff in an attempt to collect the debt. These voicemails included statements that Plaintiff objects to as intending to harass or coerce him into making payments, such as: "[y]ou or your attorney need to contact me back immediately to issue a final statement . . . as one will be issued with or without your involvement . . . [and] failure to respond will result in further proceedings in regard to this matter." Defendant also continuously referenced a "legal matter" and urged Plaintiff to call back "immediately and directly" to resolve the matter. (Pl.'s Compl. 17–23, ECF No. 1.)

Plaintiff concludes that these "communications and statements [were] strategically employed to place Plaintiff in fear of immanent legal action so that he will make payments of the disputed debt under duress . . . ." (Id. at 20.)

## III. JUDICIAL STANDARD

Rule 55(b) allows for a court to enter default judgment following entry of default by the clerk when a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(b). Entry of default, however, does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir. 1986). Instead, the grant or denial of relief is within the court's sound discretion. *Id.* The Ninth Circuit has enumerated the following factors (collectively, the "*Eitel* Factors") that the court should consider in determining whether to grant default judgment:

> (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In general, once default has been entered by the court clerk, all factual allegations in the complaint, except those relating to the amount of damages, will be taken as true. *Televideo Sys., Inc v. Heidenthal*, 825 F.2d 915, 917-18 (9th Cir. 1987).

## IV. DISCUSSION

### A. Procedural Requirements for Default Judgment

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Rule 55(b)(2) and the Local Rules. The Clerk entered default against Defendant on July 13, 2016. Further, Plaintiff has stated that Defendant is not exempt from default judgment.

### B. The Eitel Factors

As discussed above, the Ninth Circuit has listed seven factors that courts should consider when determining whether to grant default judgment. *See Eitel*, 782 F.2d at 1471–72. Here, the Court focuses its analysis primarily on the first and second factors (the merits of Plaintiff's substantive claims and the sufficiency of his Complaint).

1.  *Merits of Plaintiff's Substantive Claims & Sufficiency of the Complaint*

After entry of default, the well-pled allegations in the complaint are taken as true. *Fair Hous.*, 285 F.3d at 906; *Geddess*, 559 F.2d at 560. Accordingly, the Court assesses whether the well-pled allegations in the Complaint state claims for violations of the FDCPA and the Rosenthal Act.

      a.    *FDCPA Violations*

The FDCPA states that " [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA prohibits a debt collector from: making misrepresentations during communications in furtherance of debt collection (§ 1692e); threatening legal action that is not intended or not capable of being taken (§ 1692e); communicating with a consumer at a time or place which should be known to be inconvenient for the consumer, or after the consumer has requested communications cease (§ 1692c); and otherwise engaging in unfair and unconscionable practices during the collection of a debt (§ 1692(f)). Further, the FDCPA requires that if a consumer requests in writing that the debt collector verify the debt, the "debt collector shall cease collection of the debt . . . until . . . a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

The FDCPA is a strict liability statute, and therefore does not ordinarily require proof of intentional conduct. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011). While the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, "Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general." *Id.*

Plaintiff alleges that Defendant has violated numerous provisions of the FDCPA, including "failure to provide Plaintiff with a written notice regarding the alleged debt," using "abusive and harassing language, false statements and deceptive representations," threatening "to take action that could not legally be taken," failing "to make proper disclosures, and falsely represent[ing] the character, amount and/or legal status of the debt." (Pl.'s Mot. For Default Judgment 4:13–23, ECF No. 16.)

While the Court must take all of Plaintiff's well-pled allegations as true, the Court is not required to accept as true any purely conclusory statements. After reviewing the Complaint, the Court finds many of Plaintiff's allegations to be conclusory and unsupported by the facts alleged. The Court does, however, find that Plaintiff has successfully alleged that Defendant failed to provide Plaintiff with a verification or validation of the debt Defendants were attempting to collect upon Plaintiff's written request, in violation of § 1692g(b).

      b.    *Rosenthal Act Violations*

Similar to the FDCPA, the Rosenthal Act prohibits a debt collector from making any false, deceptive, or misleading representations in connection with the collection of any debt. Cal. Civ. Code § 1788.10(b). Section 1788.17 of the Rosenthal Act requires that debt collectors comply with federal laws, including the FDCPA, and imposes additional liability on those who violate the FDCPA.

Since the Court has already concluded that Plaintiff successfully alleged violations of the FDCPA, he has also successfully alleged a violation of the Rosenthal Act under § 1788.17.

2.      *Remaining Eitel Factors*

The remainder of the *Eitel* Factors also support default judgment. First, if the Motion were to be denied, Plaintiff would likely be left without a remedy given Defendant's entry of default. *See PepsiCo., Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Second, because Defendant has not responded to this lawsuit, it is unknown whether there is a possibility of dispute concerning material facts. Third, there is no evidence in the record that Defendant's failure to respond to the law suit was due to excusable neglect. Fourth, with respect to the sum of money being sought by Plaintiff, courts examine the sum of money at stake "in relation to the seriousness of defendant's conduct." *Craigslist, Inc. v . Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). Here, the amount sought is derived from both statutory and actual damages, as well as attorney's fees and costs. Finally, although the seventh *Eitel* factor favors decisions on the merits and weighs against default judgment, the Court finds that this factor is not dispositive.

**C.      Damages**

Plaintiff requests statutory damages of $2,000, actual damages of $10,000, attorney's fees of $7,680, and costs of $529.19, for a grand total of $20,209.19. The Court addresses each item of damages in turn.

1.      *Statutory Damages*

Plaintiff requests statutory damages in the amount of $2,000. Since both the FDCPA and the Rosenthal Act provide for statutory damages, the Court addresses both together. The FDCPA provides for statutory damages "not exceeding $1,000." 15 U.S.C. § 1692k. The Rosenthal Act provides that: "[a]ny debt collector who willfully and knowingly violates this title . . . shall . . . also be liable to the debtor . . . for a penalty in such amount as the court may allow, which shall not be . . . greater than one thousand dollars ($1,000)." Cal. Civ. Code § 1788.30(b).

Based on Plaintiff's allegations, the Court finds that $2,000 in total statutory damages is proper—$1,000 for violation of the FDCPA and $1,000 for violation of the Rosenthal Act.

2.      *Actual Damages*

Both the FDCPA and the Rosenthal Act allow a plaintiff to recover for actual damages. 15 U.S.C. § 1692k; Cal. Civ. Code § 1788.30(b). Under the FDCPA, damages recoverable as actual damages include "damages for personal humiliation, embarrassment, mental anguish, [and] emotional distress." *Staff Commentary on the FDCPA,* 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability). *See also McNally v. Client Serv.'s, Inc.,* 2008 WL 2397489 (W.D. Pa. 2008).

The Ninth Circuit has held that the "only actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices and, unless the violations are extreme and outrageous, traditional stringent evidentiary hurdles would be difficult to overcome." *Baker v. G. C. Serv.'s Corp.*, 677 F.2d 775, 780 (9th Cir. 1982).

Plaintiff seeks $10,000 in actual damages under the FDCPA for emotional distress. Here, however, Plaintiff was not subject to the type of abuse or harassment that many of the plaintiffs were subjected to in the cases Plaintiff cites in his Motion. While Plaintiff alleges that he "suffered a substantial amount of mental anguish," and that he "was left feeling extremely confused and upset" after receiving a call from an unknown phone number (Pl.'s Mot. For Default Judgment 8:15–18, ECF No. 16.), the Court finds that Plaintiff's allegations do not support an award of actual damages for emotional distress.

      3.    *Attorney's Fees and Costs*

When a plaintiff is successful under the FDCPA, the statutory language mandates an award of reasonable attorney fees and costs. *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973 (9th Cir.2008). The FDCPA mandate is "a means of fulfilling Congress' intent that the [FDCPA] should be enforced by debtors acting as private attorney generals." *Id.* at 978.

Central District of California Local Rule 55-3 states that at the default judgement stage, when an applicable statute provides for the recovery of attorney's fees, the fees awarded should be calculated according to the following schedule:

Amount of Judgment Attorneys' Fees Awards:

    $0.01 - $1,000 30% with a minimum of $250.00
    $1,000.01 - $10,000 $300 plus 10% of the amount over $1,000
    $10,000.01 - $50,000 $1200 plus 6% of the amount over $10,000
    $50,000.01 - $100,000 $3600 plus 4% of the amount over $50,000
    Over $100,000 $5600 plus 2% of the amount over $100,000

Central District Local Rule 55-3. As Plaintiff's total recovery exclusive of costs is $2,000, the Court awards Plaintiff attorney's fees of $400 ($300 plus 10% of $1,000, the amount of judgement over $1,000).

Plaintiff also requests $529.19 in costs incurred in this action, including court filing fees, administrative costs, service of process fees, and postage. (Exhibit F, ECF No. 16-7.) The Court finds this amount reasonable, and awards Plaintiff $529.19 in costs.

### V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. The Court awards Plaintiff $2,000 in statutory damages, $400 in attorney's fees, and $529.19 in costs, for a grand total of $2,929.19.

**IT IS SO ORDERED.**

                                                                                                              Initials of Preparer